IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND LEE,                          :
    Plaintiff,                    :
                                  :
v.                                    :       CIVIL ACTION NO. 18-CV-3161
                                  :
CHRISTIAN THOMAS, *et al*,            :
    Defendants.                   :

## MEMORANDUM

**PRATTER, J.**                                               **JULY 30th, 2018**

    Plaintiff Raymond Lee, who is proceeding *pro se*, filed a Complaint naming as Defendants Christian Thomas, Lola Thomas, Andrea McGoldrick, "Third Auto Salse [sic] Company," Judge Harris J. Shirdan, "Shriff Keanean and Department," Lt. Lee, Shirley May Lee, Charles Lee, Nahaniel Lee, and "District Att. Turner and Office."[1] He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Lee leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim and for lack of subject matter jurisdiction.

    **I.**    **FACTS**

    Mr. Lee alleges that Christian Thomas "attacked" him, causing him to sustain a fractured skull and broken neck. (Compl. ECF No. 2 at 6.)[2] He also alleges that his "mother and her two sons were helping Christian and his mother get away with it and also police were helping them [too] it was a big conspiracy." (*Id.*) Mr. Lee seeks monetary damages in the amount of four

---

[1] In the body of the Complaint, Lee also identifies "Turner Criminal Complaint Unit" and Lisa Ivery as Defendants, although they are not listed as Defendants in the caption in accordance with Federal Rule of Civil Procedure 10(a).

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

billion dollars "because of what [he] could have done in [his] life and because of the length of time all of the conspiracy was [taking] place." (*Id.* at 7.)

## II.     STANDARD OF REVIEW

The Court will grant Mr. Lee leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Because Mr. Lee is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This action requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Mr. Lee is proceeding *pro se*, so this Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

Mr. Lee has not explained in his Complaint what most of the Defendants allegedly did or did not do to support any kind of claim against them. Although Mr. Lee alleges that Christian Thomas attacked him and caused him injuries, he does not clearly make any allegations pertaining to any of the other Defendants. Mr. Lee identifies his mother, her two sons, Christian Thomas's mother, and "police" as being involved in a "big conspiracy," but it is not clear how those allegations match any of the Defendants or what exactly any of those Defendants did to

participate in the alleged conspiracy or to otherwise injure him. Accordingly, Mr. Lee has not stated a claim against them.

The only claim that this Court can discern form a liberal reading of the complaint is a tort claim against Christian Thomas pursuant to Pennsylvania law. The only independent basis for the Court's jurisdiction over state law claims is found in 28 U.S.C. § 1332(a), which grants a federal district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which, in turn, requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, Mr. Lee provided Philadelphia addresses for both himself and for Christian Thomas, so it appears on the face of the complaint that complete diversity of citizenship is lacking. Accordingly, the Complaint does not establish that this Court has subject matter jurisdiction over this case.

### IV. CONCLUSION

For the foregoing reasons, the Court must dismiss Mr. Lee's Complaint. Mr. Lee will be given leave to file an amended complaint if he can cure the aforementioned pleading defects and if he endeavors to do so within (30) days of the Court's ruling. An appropriate Order follows, which shall be docketed separately.

**BY THE COURT:**

**S/ Gene E.K. Pratter**
**GENE E.K. PRATTER, J.**