IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND LEE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3161 |
| | : | |
| CHRISTIAN THOMAS, *et al*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PRATTER, J.**                                                                                       AUGUST 27, 2018

Currently before the Court is plaintiff Raymond Lee's *pro se* Amended Complaint based primarily on allegations that he was assaulted in 2011 by Christian Thomas, one of the Defendants. For the following reasons, the Court will dismiss the Complaint for failure to state a claim and for lack of subject matter jurisdiction.

### I. FACTS AND PROCEDURAL HISTORY

Mr. Lee's initial Complaint identified as defendants Christian Thomas, Lola Thomas, Andrea McGoldrick, "Third Auto Salse [sic] Company," Judge Harris J. Shirdan, "Shriff Keanean and Department," Lt. Lee, Shirley May Lee, Charles Lee, Nahaniel Lee, and "District Att. Turner and Office."[1] Mr. Lee alleged that Christian Thomas "attacked" him, causing him to sustain a fractured skull and broken neck. (Compl. ECF No. 2 at 6.)[2] He also alleged that his "mother and her two sons were helping Christian and his mother get away with it and also police were helping them [too] it was a big conspiracy." (*Id.*) Mr. Lee intimates that he would like monetary

---

[1] In the body of the Complaint, Mr. Lee also identifies "Turner Criminal Complaint Unit" and Lisa Ivery as defendants, although they are not listed as defendants in the caption as would be required by Federal Rule of Civil Procedure 10(a).

[2] The Court adopts the pagination assigned by the CM-ECF system.

1

damages in the amount of four billion dollars "because of what [he] could have done in [his] life and because of the length of time all of the conspiracy was [taking] place." (*Id.* at 7.)

In a July 30, 2018 Memorandum and Order (Doc. Nos. 4 and 5), the Court granted Mr. Lee leave to proceed *in forma pauperis* and dismissed the Complaint for failure to state a claim and for lack of subject matter jurisdiction. The Court noted that Mr. Lee failed to explain what most of the Defendants did or did not do to give rise to a claim against them. Although the Court surmised that Mr. Lee might have a basis for a tort claim against Christian Thomas, there was no basis for jurisdiction over such a claim because the Complaint failed to support a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Indeed, the Complaint provided Philadelphia addresses for Mr. Lee and Mr. Thomas, so it appeared that diversity was likely lacking. However, the Court gave Mr. Lee an opportunity to file an amended complaint.

Mr. Lee's Amended Complaint names essentially the same Defendants. Similar to the initial Complaint, the Amended Complaint alleges that Mr. Lee "was attacked by Christian Thomas" and sustained a fractured skull and broken neck. (Am. Compl. ECF No. 7 at 3.) The Amended Complaint states that the assault occurred on August 4, 2011. Mr. Lee alleges that his "mother and to [sic] older son's [sic] were helping the Defendants by aggravatedly [sic] assaulting [him] repeatedly in order to try to stop [his] civil lawsuit against Christian Thomas and Lola Thomas." (*Id.*) He also alleges that another "son" was trying to "have [him] [murdered]." (*Id.*) Mr. Lee seeks compensation for his injuries and alleges that he was "lock[ed] up on false charges and assaulted [repeatedly]" as well as humiliated.[3] (*Id.* at 4.)

---

[3] A review of public dockets reflects that Mr. Lee was charged in Philadelphia Municipal Court with theft, assault, and related charges stemming from an August 4, 2011 incident. *See Commonwealth v. Lee*, Docket No. MC-51-CR-0038179-2011 (Phila. Municipal Ct.). The charges were withdrawn in October of 2011 after a witness failed to appear. *Id.*

2

On the same day he filed his Amended Complaint, Mr. Lee submitted a series of Exhibits to the Court. (ECF No. 6.) The exhibits and a review of public dockets reflect that Mr. Lee sued Christian Thomas (and possibly Lola Thomas, although that is unclear) in the Philadelphia Municipal Court in 2012. *See Lee v. Thomas*, SC-12-06-04-3310 (Phila. Municipal Ct.) After losing in Municipal Court, Mr. Lee appealed to the Philadelphia Court of Common Pleas and obtained a $15,000 damages award. *Lee v. Thomas*, Docket No. 120800855 (Phila. Ct. of Common Pleas). However, the state court subsequently vacated the award. On March 2, 2018, the case was dismissed due to Mr. Lee's failure to file a complaint that conformed to the relevant procedural rules. The exhibits that Mr. Lee filed in the instant case reflect that the Honorable Lisette Shirdan-Harris issued orders in the Philadelphia Court of Common Pleas case continuing a hearing and directing Mr. Lee to show cause why his case should not be dismissed for failure to prosecute. The case was thereafter dismissed. Mr. Lee appealed the dismissal of his case, but his appeal was quashed. *Lee v. Thomas*, 974 EDA 2018 (Pa. Super. Ct.).

Unrelatedly, in 2017 Mr. Lee sued Third Auto Sales and Company, one of the defendants in the instant action, seeking a $1,600 for a Volvo he purchased. *See Lee v. Third Auto Sales and Co.*, SC-17-06-27-6790 (Phila. Municipal Ct.). After losing in Municipal Court, Mr. Lee appealed to the Philadelphia Court of Common Pleas. *Lee v. Third Auto Sales Co.*, Docket No. 170801713 (Phila. Ct. of Common Pleas). However, Judge Shirdan-Harris ultimately entered a judgment of non pros due to Mr. Lee's failure to appear at a hearing. *See Lee v. Third Auto Sales Co.*, Docket No. 170801713 (Phila. Ct. of Common Pleas). Mr. Lee appealed to the Pennsylvania Superior Court and his appeal is pending.[4]

---

[4] The histories of Mr. Lee's state court cases were taken from the court dockets in the referenced cases.

3

Mr. Lee's exhibits in the instant civil action mostly relate to his state court case against Christian Thomas. He also included among his exhibits a deed conveying propert from Lola Francis to Chris Thomas. It is not clear what relevance this document bears to Mr. Lee's purported claims.

## II.     STANDARD OF REVIEW

Because Mr. Lee is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Mr. Lee is proceeding *pro se*, so the Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Mr. Lee's Amended Complaint fails for several reasons. First, as with his initial complaint, Mr. Lee has not explained in his Amended Complaint what most of the Defendants did or did not do so as to support any kind of claim against them. Although Mr. Lee alleges that Christian Thomas attacked him and caused him injuries, he does not clearly raise any allegations pertaining to any of the other Defendants. Furthermore, if Mr. Lee has sued Judge Shirdan-Harris (identified in the caption as Judge Harris J. Shirdan) based on the manner in which the

4

judge ruled in Mr. Lee's cases, his claims are barred by absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (explaining that judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction).

Again, as with the initial complaint, the only claim that this Court can discern is a tort claim against Christian Thomas under Pennsylvania law. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As previously noted, it appears that Mr. Lee and several of the Defendants are citizens of Pennsylvania. Accordingly, the Amended Complaint does not establish that this Court has subject matter jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Lee's Amended Complaint. Mr. Lee will not be given leave to file a second amended complaint because the Court concludes that further attempts at amendment would be futile. An appropriate Order follows, which shall be docketed separately.

                                    **BY THE COURT:**

                                    */s/ Gene E.K. Pratter*
                                    **GENE E.K. PRATTER, J.**